*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* P. C. SCOBIE, Minor.

UNPUBLISHED
February 22, 2024

No. 365589
Wayne Circuit Court
Family Division
LC No. 2018-002095-NA

Before: PATEL, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating his parental rights to his minor child, PS. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On December 19, 2018, petitioner Department of Health and Human Services filed a permanent custody petition requesting that the trial court take jurisdiction over PS and terminate respondent's parental rights. The petition alleged that between October 9, 2018, and November 7, 2018, petitioner received complaints that respondent had solicited sex from minor children related to him. The petition further alleged that respondent's eldest daughter disclosed instances of sexual abuse as well. After several pretrial hearings, the trial court authorized the petition and removed PS from respondent's custody while permitting PS to stay within the care of her mother, RS, who is not a respondent in the case.

The trial court ultimately determined there were statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(i) (prior termination of parental rights due to serious and chronic neglect; prior attempts at parental rehabilitation unsuccessful) and (j) (reasonable likelihood that child will be harmed if returned to parent). The trial court also determined that petitioner established by a preponderance of the evidence that termination of respondent's parental rights was in the best interests of PS. This appeal followed.

## II. STATUTORY GROUNDS

Respondent argues that the trial court clearly erred when it found that petitioner presented clear and convincing evidence to support termination of his parental rights to PS. We disagree.

-1-

## A. STANDARDS OF REVIEW

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). The trial court's findings regarding statutory grounds are reviewed for clear error. *Id*. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. (citation and quotation marks omitted).

## B. ANALYSIS

Under MCL 712A.19b(3)(j), a trial court may terminate parental rights if it finds by clear and convincing evidence that there " 'is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.' " *In re Pops*, 315 Mich App 590, 599; 890 NW2d 902 (2016), quoting MCL 712A.19b(3)(j). Termination is proper under MCL 712A.19b(3)(j) if there is a potential of physical or emotional harm to the children. *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011).

On the basis of the evidence that respondent sexually abused his own minor family members, including his daughter, and created an environment to ensure they were intoxicated, there exists a substantial risk that PS would be subject to the same treatment. Evidence of respondent's sexual abuse of his own family members and of the unsafe home environment created by respondent led the trial court to conclude that returning PS to respondent's custody would place her at risk of further harm. Three separate witnesses, all minor relatives of respondent, testified that respondent sexually abused them, including asking the minors if they had sex for money and asking for nude photographs. One of the minors also stated respondent sexually assaulted her while she was ill and lying down on a mattress. In addition to the sexual abuse allegations, respondent's minor relatives also testified that respondent gave them marijuana, alcohol, and other drugs to consume while in his home. The trial court found all three minors' testimony credible in regard to the sexual abuse allegations and the use of intoxicants in respondent's home. See *SP v BEK*, 339 Mich App 171, 176; 981 NW2d 500 (2021), quoting MCR 2.613(C) (stating that this Court defers to the trial court " 'to judge the credibility of the witnesses who appeared before it' "). The trial court noted that respondent "isn't threatening to do these things with [PS] yet but if he'll do it with other relatives there's a substantial risk of harm that he'd do all these things [with PS]."

On the basis of the record before us, we conclude the trial court did not clearly err when it found that there was a risk of harm to PS if she were returned to respondent's care. Accordingly, we affirm the trial court's order finding statutory grounds to terminate respondent's parental rights.[1]

---

[1] Because termination was proper under MCL 712A.19b(3)(j), we need not consider the additional grounds upon which the trial court based its decision. See *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009).

## III. BEST INTERESTS

Next, respondent argues that the trial court clearly erred when it found that termination of respondent's parental rights was in the best interests of PS. We disagree.

## A. STANDARDS OF REVIEW

"Even if the trial court finds that [petitioner] has established a ground for termination by clear and convincing evidence, it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). This Court reviews "for clear error the trial court's determination of best interests." *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App at 80 (citation and quotation marks omitted).

## B. ANALYSIS

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). In making its determination, the trial court "should weigh all the evidence available to it," and may consider

> the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. Other considerations include the length of time the child was in care, the likelihood that the child could be returned to her parents' home within the foreseeable future, if at all, and compliance with the case service plan. [*In re Atchley*, 341 Mich App 332, 346-347; 990 NW2d 685 (2022) (quotation marks and citation omitted).]

Petitioner presented detailed testimony regarding the sexual abuse by respondent of his minor relatives, providing and offering alcohol and other intoxicating substances to his minor relatives while PS was in the home, respondent's mental health issues including symptoms of depression and intermittent explosive disorder, and the lack of bond between respondent and PS. There were numerous allegations throughout the proceedings that respondent sexually abused his minor relatives. All three of respondent's relatives testified that respondent had sexually abused them. Further, respondent's other daughter confided in a social worker that respondent sexually abused her and showed her pornography. There were additionally numerous allegations throughout the proceedings that respondent was giving his minor relatives intoxicants, including alcohol and marijuana, and offering one of his cousins pills.

Further, during the evidentiary hearing, petitioner presented evidence that respondent suffered from mental health issues. A professional counselor tasked with drafting a clinical report on respondent's parental abilities after clinical observations of PS with respondent testified that

respondent exhibited symptoms of a depressive disorder characterized by trouble eating, sleeping, and feeling depressed; symptoms of intermittent explosive disorder characterized by outbursts in anger almost explosive in nature; and symptoms of a severe cannabis use disorder characterized by respondent self-medicating with marijuana to calm himself down.

The evidence presented to the trial court demonstrated by a preponderance of the evidence that it was in PS's best interests to terminate respondent's parental rights. That respondent's parenting ability is in serious doubt is quite evident from the record. The trial court found credible the allegations from three minor relatives that respondent solicited them for sexual acts and, at least on one occasion, sexually assaulted one of the minors. There was also evidence from respondent's other daughter that respondent sexually abused her as well. Moreover, according to petitioner's witnesses, respondent's inability to express remorse or guilt regarding the sexual abuse of his family members tends to show that he is incapable of effectively parenting PS.

The lack of bond between PS and respondent was also a factor weighed by the trial court. LaShonda McGraw, a Child Protective Services worker, testified that in her observations of respondent and PS, she noted a lack of bond between the two. McGraw also recounted that respondent had an outburst at the clinic where he was being observed with PS in which he used offensive language toward the staff. PS needs permanency, stability, and finality, which will not be achieved by releasing her into respondent's custody. Respondent's deviant and immoral behavior demonstrates that his parenting ability is seriously compromised and PS would be best served by being free from his influence.

In sum, the trial court did not clearly err when it found that there was a statutory basis under MCL 712A.19b(3)(j) to terminate respondent's parental rights and that termination was in PS's best interests.

Affirmed.

/s/ Sima G. Patel
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan